**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

$C1$
$5|4|06$

---

CHRISTOPHER J. CHRISTIE
*United States Attorney*

JASON M. RICHARDSON
*Assistant U.S. Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*   856/757-5026
*401 Market Street, 4th Floor*   Fax: 856/968-4917
*Post Office Box 2098*   Direct dial: 856/968-4869
*Camden, New Jersey 081*

March 9, 2006

Jeremy D. Frey, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

$Cn\# 06\ 359$

Re:   Plea Agreement with Gabriel Carafa

Dear Mr. Frey:

This letter sets forth the plea agreement between your client, Gabriel Carafa, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Gabriel Carafa to the two-count Information, charging him with: Count 1 possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2; and Count 2 dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A). If Gabriel Carafa enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Gabriel Carafa for his possession and sale of firearms, namely: (1) Winchester rifle, with an obliterated serial number; (2) Remington, Model 550-1, .22 caliber rifle; (3) JP Sauer and Sohn revolver, .32 caliber, serial number 316901; (4) Marlin, Model 55, 12 gauge shotgun; (5) Browning, 12 gauge shotgun, serial number OV27081; (6) Marlin, Model 336, .35 caliber rifle, serial number T1114; (7) Springfield, Model 67H, 12 gauge shotgun, serial number A025138; (8) Winchester, Ranger Model 120, 20 gauge shotgun, serial number L1754524; (9) Browning, Model Light 12, 12 gauge shotgun, serial number 47292; (10) Remington, Model Gamemaster 760, .30-06 caliber rifle, serial number 462289; (11) A. Francotte, double barrel shotgun, serial number 32061; and (12) Stevens, Model, 311, 12 gauge shotgun, serial number 5100, in Salem County, New Jersey from in or about April 25, 2005 to in or about May 20, 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gabriel Carafa may be commenced against him, notwithstanding the expiration of the limitations period after Gabriel Carafa signs the agreement. Gabriel Carafa agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Gabriel Carafa signs the agreement.

Sentencing

The violation of 18 U.S.C. §§ 922(g)(1) and 2, in <u>Count 1</u> to which Gabriel Carafa agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000 (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. §§ 922(a)(1)(A) and 2, in <u>Count 2</u> to which Gabriel Carafa agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000 (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gabriel Carafa is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Gabriel Carafa ultimately will receive.

Further, in addition to imposing any other penalty on Gabriel Carafa, the sentencing judge: (1) will order Gabriel Carafa to pay an assessment of $100 for <u>Count 1</u> and $100 for <u>Count 2</u> pursuant to 18 U.S.C. § 3013, for a total of $200, which assessment must be paid on or before the date of sentencing; (2) may order Gabriel Carafa to pay restitution pursuant to 18 U.S.C. §§ 3663 <u>et seq.</u>; (3) may order Gabriel Carafa, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, must require Gabriel Carafa to serve a term of supervised release of up to 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Gabriel Carafa be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gabriel Carafa may be sentenced to not more than 2 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

- 2 -

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gabriel Carafa by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gabriel Carafa's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Gabriel Carafa agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Gabriel Carafa from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Gabriel Carafa waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that

may be pending or commenced in the future against Gabriel Carafa. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Gabriel Carafa.

No Other Promises

This agreement constitutes the plea agreement between Gabriel Carafa and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

WILLIAM E. FITZPATRICK
Deputy U.S. Attorney

- 4 -

I have received this letter from my attorney, Jeremy D. Frey, Esquire, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

Gabriel Catafa                                    Date: 5-4-06

Jeremy D. Frey, Esquire                           Date: 5-4-06

- 5 -

Plea Agreement With Gabriel Carafa

Schedule A

1. This Office and Gabriel Carafa recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Gabriel Carafa nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Gabriel Carafa within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Gabriel Carafa further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2K2.1. The defendant was convicted of at least two felonies prior to April 2005. (The defendant agrees that 2001 Possession of CDS with Intent to Distribute conviction in Ocean County, New Jersey was a drug felony conviction and it is the Government position that the 2004 Bias Intimidation conviction in Ocean County, New Jersey is a crime of violence). Therefore, the base offense level is at least 24. See U.S.S.G. § 2K2.1(a)(2).

3. Since the offense involved more than 8 firearms but less than 24 firearms, the Base Offense Level is increased by 4 levels, pursuant to U.S.S.G. § 2K2.1 (b)(1)(B).

4. Since the Winchester rifle had an altered or obliterated serial number, the Base Offense Level is increased by 2 levels, pursuant to U.S.S.G. § 2K2.1 (b)(4).

5. Since the firearms involved were stolen during a burglary, the Base Offense Level is increased by 2 levels, pursuant to U.S.S.G. § 2K2.1 (b)(4).

6. It is the Government's position that pursuant to U.S.S. G. § 2K2.1(b)(4) the defendant's offense level should increased by four levels. However, the defendant believes that his offense level can only be increased by two levels based on § 2K2.1(b)(4).

7. The adjusted offense level for the charge offense is 32. However, the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level 29. Therefore, the offense level is 29.

8. The parties agree that pursuant U.S.S.G. § 3D1.2, Counts 1 and 2 group together for the purposes of sentencing.

9. As of the date of this letter, Gabriel Carafa has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward

- 6 -

adjustment of 2 levels for acceptance of responsibility is appropriate if Gabriel Carafa's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10.  As of the date of this letter, Gabriel Carafa has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If Gabriel Carafa enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Gabriel Carafa's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Gabriel Carafa will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

11.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Gabriel Carafa is 26 (the "agreed total Guidelines offense level"), assuming that his 2005 Bias Intimidation conviction is a crime a violence.

12.  The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 26 is reasonable.

13.  Gabriel Carafa knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

15.  The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. However, in the event the government files a downward departure motion on the defendant's behalf, the government will recommend a sentence of not less than 8 years imprisonment.

- 7 -